# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS TEPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 3746 |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On April 29, 2015 the Chicago Transit Authority ("CTA") filed its Notice of Removal ("Notice") to bring from the Circuit Court of Cook County to this District Court an employment discrimination action brought against it by its employee Thomas Teper ("Teper"), asserting discrimination ascribable to his status as "Caucasian/White, Polish Extraction." Although this Court then followed its customary practice of scheduling an earlier initial status hearing in removed cases (where, by definition, both sides are already represented by counsel) than in cases initiated in the District Court (where time must be allowed for service of process, for the filing of appearances and for the defendant's filing of a responsive pleading), in this instance the case has simply lain fallow in the two-plus months since the Notice.

Until now the delay in moving forward has been agreed to by the litigants, based on the representation by Teper's counsel that he intended to file an Amended Complaint. In accordance with that agreement this Court granted leave on June 11 for Teper's counsel to do so by July 2. Now that counsel has requested, and CTA's counsel has agreed, that the filing date be extended to July 30, with CTA then to answer or otherwise plead by August 30. By that time fully four

months will have elapsed since the filing of the Notice, which itself took place almost a month after the case was brought in the state court.

In consequence of the agreed-upon proposed second extension, which is scheduled for presentment on July 13, this Court has expended time and effort in wading through the extraordinarily bulky removal papers, a task that it had not anticipated undertaking until issue was joined between the parties. In a way that earlier examination of the papers has proved fortuitous, for it has revealed a basic flaw in the removal that calls for current action. To see why that is so, a brief recapitulation is in order as to what the removal papers that accompanied the notice (which itself occupies just a single page of text) comprise:

1. After two pages of Circuit Court summonses, the remaining 69 pages of attachments begin with a 21-page "Verified Complaint in Law (Tax & Miscellaneous Remedies)."

2. Next comes a three-page printed form Charge of Discrimination, filled out to reflect Teper's stated charges against CTA.

3. Attached to that printed form is a "Verified Complaint/Charges" that devotes fully 33 pages to a detailed narrative of Teper's multiple asserted grievances.

4. Finally, some 13 pages are devoted (a) to the Notice of Dismissal for Lack of Substantial Evidence authored by the Illinois Department of Human Rights (which is referred to in Teper's filing as "IDHR," but is referred to in this opinion -- perhaps because of this Court's general allergy to alphabet-soup shorthand -- as "Department") and (b) to Department's Investigation Report detailing the basis for that dismissal.

As for Teper's Complaint itself, the operative document in this lawsuit, it advances three counts, respectively captioned "Violation of Human Rights Act (Racial Discrimination)," "Violation of Illinois Human Rights Act (National Origin Discrimination)" and "Racial and Ethnic/National Origin Harassment -- Continuing Violation." Both of the first two counts, as their captions state, are grounded solely in claims under state law -- not federal law. And although the third count bears no comparable label, the tipoff to its identical grounding is in its prayer for relief, with echoes the identical prayer that concludes each of the first two expressly-specified state law claims:

> That Defendant paid to Plaintiff reasonable attorney fees and costs incurred as a result of the civil rights alleged herein pursuant to statute IHRA and Illinois caselaw.

Importantly, although the Complaint includes a few sidewise references to federal antidiscrimination laws, <u>not</u> <u>one</u> <u>word</u> is said in the Complaint that seeks any <u>relief</u> under those laws.

To turn next to the Charge of Discrimination, the top of that form lists both the "Illinois Department of Human Rights and EEOC," but every one of the multiple statutory references in the space provided for listing "Cause of Discrimination Based On" is to a <u>state</u> <u>law</u> provision in 775 ILCS. Once again, not one of the Causes of Discrimination based on either "Race" or "National Origin/Ethnic" lists any federal statute.

As for the extended incident-detailed "Verified Complaint/Charges" attached to that printed form to spell out the particulars of Teper's charges, it opens with allegations identifying the parties and then continues with this jurisdictional statement in its Paragraph 4:

> The Illinois Dept. of Human Rights ("IDHR") has jurisdiction over the Respondent, CTA, because the charges arise from Respondent's discriminatory

> conduct/behavior within the City of Chicago, County of Cook, Illinois. The discriminatory conduct/behavior relates to, without limitation:
>
> (a) Racial discrimination leveled against Thomas Teper (Complainant -- Charging Party) in violation of 775 ILCS 5/1-102(A); 5/1-103(Q); 5/2-101(A); (B), (G), and (H); and 5/2-102(A).

That paragraph is echoed in Paragraph 10, which cites other provisions of 775 ILCS as having been violated by CTA's alleged national-origin discrimination. Once again those jurisdictional allegations make no reference at all to <u>federal</u> antidiscrimination legislation.

To be sure, a couple of paragraphs in that last-referred-to document did advert to a number of federal authorities, but once again the <u>relief</u> sought was framed solely in state law terms. And of course it should be reemphasized that when push came to shove -- that is, when Teper and his counsel turned to the courts for judicial relief -- the Complaint that Teper brought to the Circuit Court and that CTA has sought to transport to this District Court has spoken <u>solely</u> in state law terms, with no relief being sought under federal law. As Justice Holmes said just over a century ago in <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913):

> Of course the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a "suit arising under" . . . [any] law of the United States by his declaration or bill.

In sum, the CTA was unjustified in seeking to tease out a federally-based claim from a Complaint that looks solely to state law for relief. Teper's counsel chose otherwise, and that decision controls the jurisdictional inquiry. This Court therefore holds that this District Court lacks subject matter jurisdiction, so that this action must be remanded pursuant to 28 U.S.C. § 1447(c).[1] In accordance with that section's mandate this action is ordered remanded to its

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

- 4 -

place of origin in the Circuit Court of Cook County. To enable the litigants to go about their business (including action on their agreement for further delay, which the remand order carries with it for resolution by the Circuit Court), the Clerk of this District Court is ordered to mail the certified copy of the order of remand to the Clerk of the Circuit Court forthwith.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: July 7, 2015

---

[2] As counsel are presumably aware, by reason of Section 1447(d) this opinion's decision on the basis of subject matter jurisdiction "is not reviewable on appeal or otherwise."